Mr. Forenz. Good morning, Your Honors. May it please the Court, my name is Theodore Forenz and I represent Mr. David George Hussman, appellant in this matter. We have a lot of issues to cover. First issue number one was whether Mr. Hussman was properly convicted of distribution, and I contend no. There were three counts for distribution and one for distribution. Why shouldn't we follow the Tenth Circuit in Schaefer? I'm sorry? Why shouldn't we follow the Tenth Circuit in Schaefer, S-H-A-E-F-E-R? Well, Schaefer, as was pointed out, the decision in Schaefer was dicta because in that particular case the officer, I think it was an FBI agent, actually did download. So the discussion about the self-service gasoline station was very nice poetic, but I don't see, first of all, I disagree with it and I'm going to tell you why in a second. Let's create a new hypothetical. I decide I want to distribute cocaine. So I put a pot of cocaine on my front doorstep. I put a notice in. Cocaine involves a sale. It involves usually a transaction in which I give you drugs in return for money. We're not dealing with that here, are we? No. The quid pro quo is you and I are on a sharing network of some type and I post pictures and you post pictures and we swap back and forth. Isn't that what usually goes on? Well, in this case, however, we don't know. This guy put it out there in his shared folder. There's no evidence that anybody looked at it. Exactly. And my point here is, and I commend... Almost in every circuit, I think even the Ninth now has come along. I think we've got the First, Eighth, Fourth, Seventh, I think even the Ninth, has said this is enough for distribution. I realize you're talking under the guidelines. Exactly. I'm perfectly aware. And for that reason, there's a military court of criminal appeals in Gorski, which addresses that very issue and says that guidelines are guidelines and statutes are statutes. Right. And never the twain shall meet. And they said, for example, he could have been charged with an offering to distribute. He could have been charged with various other ones. But distribution involves the completed circle. And for the purposes of the statutes, I think that since obviously... But a self-service gasoline station is also a commercial transaction, is the whole thing. How about the question? You know, when I looked at this, I said to myself, I wonder if there's a general attempt statute. I forgot. Like 18 U.S.C. 2 for aiding and abetting. And I saw that under Section 2252 B.1, whoever attempts to violate the other sections, and I wondered, was there an attempt charge here? Because he did attempt to. But the government... It's not... If I look at the indictment, I won't find that section mentioned. You won't, Your Honor. And that's exactly the point, that he could have been charged various different ways. He was charged with distribution. Yeah. I was... I had a thought on that same question. There's got to be a difference between distribution and attempt, and distribution or offering. Offering... Yeah. The offer... Child pornography. Because that represents a separate offense. That's the point, is that offering is a different offense than actual distribution. If the government had decided to charge him that way, we wouldn't be making this argument. And so, you know, the decision that you're going to make in this case is obviously going to impact, in the future case, how other such defendants will be charged. Has there been a court... I think Judge Bannon-Twerpen mentioned a few cases, but has there been a court that has actually said that posting or uploading child pornography in a file-sharing program is sufficient for conviction of distribution? Only in dicta, if you... The case, the Schaeffer case. The Tenth Circuit case. Tenth Circuit, only in dicta. Military courts, quite to the contrary, have ruled that that is not sufficient. I don't know if we have ever cited military courts. Well, you know, when you got it, when you need... Sorry. You know, when it's all you got, you do it. But they're interpreting the same statutes, and they actually... It's interesting about the Gorski case because they're citing the exact same cases for the Fifth, Ninth, and even the Tenth, I have here, and the Eleventh, all seem to require actual distribution, but actually require downloading to complete the transaction. According to the interpretation given by Gorski, yes. In every one of those cases, an agent has actually downloaded the information. Exactly. In every one of them, and that's... That's the landscape that I'm looking at. Mr. Salzberg may have a different one, but that's the landscape I see, that there has to be an actual downloading. Well, that would be my interpretation because of the fact that offering to distribute is a separate offense under the statute. There's a nuance here, though, isn't there? I mean, you put it up there so somebody actually looks at it, and you put it up there with the intention that somebody is going to download it and look at it. With the intent, and I can, as I say, going back to my hypothetical, if I intend to put cocaine on my front doorstep and tell the world to come and get it, and no money, just I'm offering it, and can I be convicted of... with distributing or just possession with intent to distribute? Suppose a person opens a retail store, and he has... in his store, he has a sign on a particular counter, and the sign says, pictures of minors engaging in sexual explicit conduct, $5, and he puts it on the counter, and no one ever gets near it or looks at it. That's the way you visualize this case. Exactly. Precisely, Your Honor. That that would be, that it would be... He may be attempting to sell it, he wants to sell it, but nobody looks at it. And he would be, if it were a drug case, possession with the intent to distribute or to sell, but not an actual sale. What about the sentencing guidelines manual? I'm sorry? The sentencing guidelines manual, which states that distribution includes posting material. Yes, the sentencing, and every, and there's no question, and my adversary has just pointed out, on Friday I received a letter dealing with, yet another was the Ninth Circuit. There's no question, for sentencing guideline purposes, that what he did can be considered, under that guideline, to be distributing. The question is, for the purposes of the statute, is that distribution? Well, I don't think that the sentencing commission, by making a guideline, can make substantive law like that. Precisely. And they can't. They can make substantive law for the purposes of sentencing enhancements, if you want to call it that, but they can't vary the terms of the statute. Now, we'll say that he was one of them, this doesn't even impact, and since there's a mandatory minimum sentence here in this case, this doesn't help my client that much, except in as much as, like there were 67 images that were the total of this whole thing. If you knock out three of the four counts, some of those images go down, and the sentencing guidelines start going downward, which of course brings me to the next issue of the sentencing guidelines. First of all, he received an enhancement in this case for a pattern of activity. And as we've pointed out, the trial judge stated that one of those was his prior possession for child pornography. The courts have ruled uniformly that... That was a mistake. That was a mistake. There were other things the court mentioned. Well, I want to get to the other things the court mentioned, because my adversary has said, however, aha, in 1996 he was convicted of a previous offense when he was a house father at Milton Hershey School. But what's interesting about that is that I have read the plea bargain transcript that is attached to the government's sentencing memorandum, and nowhere in there does it state, does he admit to molesting or fondling two victims. He just entered a general plea of guilty under one of those two charges. I don't know. I don't think there's been any evidence introduced. Perhaps counsel will elucidate us that. But I'm looking at the evidence that was introduced at trial, and all that was introduced at trial was a guilty plea colloquy in which he basically said, I plead guilty and I want to get on with my life. He didn't say, Your Honor, I plead guilty because I fondled two victims. I don't know... Was that objected to at sentencing? That wasn't objected to? No. Well, haven't you waived that then? Well, no, because it's plain error is my point. It wasn't that important at the time because I think trial counsel didn't realize that the previous conviction for... Hadn't been that specific. Yeah. But you've got a copy of the PSI ahead of time. Yeah, but the PSI doesn't state that. I'm looking right at it, and all it says in here was that, you know, I'm looking here at the PSI, and I'm still at a loss to find it. It says his two prior convictions involving sexploitation of minors, a court of common pleas, Dauphin County, and United States District Court of the Eastern District of Pennsylvania. Therefore, he was engaged in pattern activities, five points. It doesn't say there were two victims in the Dauphin County case. Going on later on in the PSI, I don't see it there either. It's very vague as to the number of victims. And at the time of the sentencing, I don't think the sentencing counsel realized the importance of nailing this down because at the time it was... I think he mistakenly believed that the previous conviction for child pornography possession could itself be part of that pattern of activity. But really, it was his obligation to look into that. He knew about it before sentencing. He did, and he unfortunately didn't do what he should have done. However, it was plain error, is my point there. And therefore, all that's left from the government's point of view is one 1996 conviction that we're not sure who the victims were or anything like that. The details of that are lost in the mists of time, or at least were not presented to the trial court at the time of sentencing. Which of course, in my opinion, takes down five points there. The key here though is that what I'm recommending in this case is that the judge, in addition to that, not only did he calculate the appropriate sentence under the guidelines, but then gave him an enhancement because he didn't believe, first of all, that the conviction, the list of convictions properly represented what was going on here in this case. And that also he was annoyed with the fact that he felt that my client had lied at trial. The sentencing guidelines have come under tremendous attack. The circumstances were somewhat egregious though. Pardon me? The circumstances were somewhat egregious. The fellow's on supervision, and he's back looking at the computer again. Probation officer found him in the act, didn't he? Yeah. No, he found him watching something on television. But it's a second offense. All such second offenses under that reasoning would be egregious. That's the point here is that the minimum sentence of 15 years takes all that into consideration to give an enhancement based upon stuff like that flies in the face of a lot of case law out there saying that the guidelines are themselves very flawed and that some of the circuits are actually saying that any sentence in excess of a guideline sentence is per se unreasonable or at least should be the most egregious of circumstances, like he was trotting neighborhood children in and photographing them and posting that. Something like that might perhaps be justified in above guidelines sentence. 15 years is a long time for looking at some kids' pictures online. Can I ask you something? I agree certainly that the United States Sentencing Commission doesn't make law. Congress does that. But would it make sense to have approaches that are consistent with the guidelines and consistent with the statute? I'm sorry? Well, we certainly have had a number of circuits that have described what's necessary for distribution under the guidelines. Wouldn't it make sense to follow a similar approach with the statute and simplify things and avoid confusion? I mean, we could be consistent with that if we wanted to. I know they can't make law, but we could look to that and say, why don't we adopt the same approach if we wanted to, couldn't we? I guess. I'm confused, though. Maybe I'm missing something. We have a definition of distribution that has been adopted under the sentencing guidelines by a whole slew of circuits, eight or nine at this point. In looking at the definition, it's not defined with regard to the statute. In looking at that undefined word and trying to decide what to attribute to it, certainly we could look at the guidelines and say we want to be consistent with the guidelines in our definition if we wanted to, couldn't we? No, because the word definition – I mean, interpreting the statute itself is your question. Yeah. No, because the statute means something quite altogether very – the statutory definitions of crime have to be narrowly construed. And especially when you have a statute that contains various subparts and alternatives, ways that the person could be charged. But haven't we broadly construed the word distribution under the drug laws in this circuit? But not for the purposes of what constitutes distribution and possession with intent to distribute and something like that. Once again, if you get caught with drugs in your possession with the full intent to distribute them out on the street, you are not guilty of distribution until you go actually out there, hand them to people, and mix them up. And it's exactly the same case here, that the sentencing guideline is a gloss, it's something different, but they can't make the law. The law itself, the statute, has to be defined and interpreted narrowly because it's a criminal statute. All criminal statutes have to be defined narrowly. And in a case like this, where the statute gives the government various options as to how to charge, it would seem to me that every one of those needs to be confined strictly to its respective pigeonhole, rather than broadly saying, well, you know, he obviously intended to do this. That's my point. Thank you. Mr. Forrest, thank you very much. We'll get you back on rebuttal. Mr. Salzman? Thank you. Good morning, Your Honor. May it please the Court? Robert Salzman on behalf of the government. With regard to the distribution issue, there are really two areas to focus on. One is the law, and one is the facts. The facts of what happened in this case are very important. But first, the Court has asked about the law, so let me address the landscape as Judge Fuentes referred to it. There is no Article III court, as we've said, that has held what the defense is arguing here, which is that if you put something on a file sharing site and no one takes it, that that's not distribution. Judge Fuentes has referred to a number of appellate decisions where there's really dictum, where the courts say distribution is where you put it on a file sharing site and someone takes it. Suppose you put it on a table in your store, and it says here, and you actually use the statutory language, pictures of minors engaging in sexually explicit conduct, $5, and you put it on a table, you sign, but nobody gets near it. Have you distributed it? No, you haven't. And what's the difference? There's a huge difference, and that's where we get to the facts. What we're dealing with here is a common file sharing site that different individuals have created together for the purpose of sharing files. In Your Honor's example, in Mr. Ferencz's example, he says put it out on the front lawn. Maybe somebody takes it, maybe somebody doesn't. Nobody has expressed any interest whatsoever in what's on his front lawn. That's not distribution. But I need to spend a moment talking about what these programs are. These programs, LimeWire and Share360, an individual has to intentionally, knowingly put these on their computers. If you go to a store today and buy a new computer or go back to your chambers, you're not going to find LimeWire or Share360. They're not there. These are programs that you have to go out and purposefully take from the Internet. And the And that's what Mr. Hussman did. But then he has to take it an even further step in order to distribute his images to this common group that wants to share files. And it's all laid out in the expert testimony of Mr. Price from the FBI who testified. I think it starts around page 187 of the appendix. And when you do that, when you post these images on these programs, why isn't that distributed? Because in our view, and this is what, and I'll get to the importance of the guideline later, but this is what everybody is saying where this issue has been presented. You are distributing it to this common site where it's now available for anybody. It's very different from just putting it out for any member of the public who may or may not come by. What Hussman has to do, even when he downloads this program, LimeWire and Share360, that doesn't share everything on his computer. What he then has to do, according to Price, is he has to specifically transfer, or upload was the word someone used, but he has to transfer to a specific folder on his computer, which is the shared folder. Is it the case that everyone who offers, who uploads child pornography and who offers it to other people would therefore be convictable for distribution? Yes. Anybody who creates this common system where they're sharing these things with each other, where they put it into the sharing folder, they have distributed it. The real analogy... And the movement into that common folder, that's the distribution? Exactly. But doesn't that render that other provision offering child pornography completely superfluous? Well, no, not at all. What we see in 2052 and then 2052A that comes right after it is Congress is doing everything it can to prohibit any possible movement, sale, transport, offer, attempt, it's all there. Congress wants to stamp out this pernicious pornography that is abusing children and being put out in the world and it stays out there forever. So, no, you could offer, I could call someone on the phone and say, Joe, I've got some child pornography, would you like me to bring it over? I'm guilty of offering. That statute has a purpose. Attempt, you could have some... Congress is doing as well as it should in this area. That's right. We're just grappling with this difficult concept of offering and what constitutes distribution. Oh, sure, but it's not difficult in this case. Again, the real analogy here I would suggest, Your Honor, is not... Can I ask you something? This file sharing site, was that exclusively dirty material or was it just, it had legitimate sharing going on? Well, in the world there is legitimate sharing through this program, but you have to designate what's in your folder. And then the way you search for what you want is with search terms. And so people put various, they peg to these files various nefarious terms that lead people who are looking for this. So, it's like a supermarket in that it has different things, but it's very specifically intended by Hussman to share this type of material with... Was that the case in this case, that there was some identification on what he downloaded into that sharing area that would identify it as pornography? Yes, and Price goes through image by image and there's testimony in there about that. The real analogy I would suggest, Your Honor, is... I just want to, why didn't you indict him for attempt? I notice if you look at 18 U.S.C. Section 2, which is aiding and abetting, what you'll often see is indictments. There's a whole mess of sections. And then right at the end it has, and 2. It sort of hangs there. In other words, they're bringing in, and not only did he do it, but he aided and abetted it. But why would, why didn't you just throw in an attempt? Because it says whoever attempts to violate is guilty. Because, Your Honor, it didn't occur to us. Because we believe this is distribution. We've charged it as distribution. Certainly if the Court of Appeals tells us we're wrong, that's going to be the next indictment will be for attempt. But this is distribution in the government's view. The analogy I want to suggest, Your Honor, is not the retail store, where somebody may or may not take it. It's not the front lawn. It's where people share common property with each other. They create a common room. To take a simple example, say you have two people living in a house, and each has his own computer to maintain his privacy. But they also share another computer where they want to do things together. When the person with one of his private computers transfers material to the shared computer so that his friend in the house can have it, that's the distribution. If we had a common room in which people live together and people put out things for the others to have based on their practices and predilections, that's distribution under the normal definition of the term, which is to give something. That would be true even, based on your argument, even if there was no evidence at all that anybody downloaded the program or could possibly have downloaded the program. In other words, just posting for purposes of sharing would be sufficient for distribution. Well, if you say possibly, they couldn't possibly have, that may be a problem. And that's where an attempt may come in. Say somebody tries to move a folder and post it and fails. Something technologically fails. That would be an attempt. But yes, any time somebody shares it and it's there and availability to be had on this common system that this group of people have created together, that's a distribution in our view. Wasn't there testimony that it could have been accessed if someone had wanted to? Oh, absolutely. And that's why we didn't charge it as an attempt. If we had failed in showing that, then I think you would have an attempt. Talking about the guidelines, obviously... Wait a second. The failure wasn't the defendant. It was some other person who couldn't do it. The person was trying to get it. It was an attempt by, if I may use it, the pewter distributor. Well, all I'm saying is it's not our case. But if you had somebody who tried to do it and utterly failed to do the sharing, that might be an attempt. But here the evidence is that he successfully put it in the shared folder created by the program that he intentionally and that others intentionally put on their computers. With respect to the guideline, Your Honor, of course, what was said earlier is true, that the guidelines cannot interpret the statute. But they are informative in the same way that this court would look to any other sister court or scholarly body. The Sentencing Commission here, with regard to this guideline, is charged with setting a guideline for this exact crime. 2G1.2, I'm sorry, 2G2.2, covers all manner of child exploitation offenses. And then it puts in a two-level enhancement for distribution. And that's the word, distribution. The only reason that two-level enhancement is there is because it is enforcing the statute. It is enforcing the distribution crime that is stated in 2252A. It is the case that Hussman could have been convicted of offering to distribute as well as actual distribution under your argument? I'm not sure. I'm thinking about it. Sure, we probably could have charged that. It would have been awkward. I don't think it's the way to explain to the jury what happened here. He didn't make the offer. He put it in the shared folder that was created with this community so that everybody could have it. He moved it from the private place on his computer to the place that was shared by this group of people. Sure, it's an offer, but it's more than that. It's an actual distribution to this group. And that's what all the courts have held in interpreting the guideline, which again, while we have no on-point decisions regarding the statute, where it came down to this issue in this case, we have plenty involving the same word that the Guideline Commission had to interpret. And all the courts, as well as the Sentencing Commission, say posting to a peer-to-peer sharing program is distribution. I'm sorry, all the courts, the guideline itself, and all the courts to interpret it, have held that posting to a peer-to-peer sharing program is distribution under the guideline. Oh, under the guideline. Which is applying the same word and enforcing the same statute. What's a 2G what? 2G 2.2, Your Honor, and it's 2G 2.2 B3 that has the enhancement for distribution. But Mr. Forrest, I think, makes a pretty compelling argument that you really look at statutes and you look at the guidelines differently because they serve different purposes. And we generally are a little bit more strict with criminal statutes. Guidelines, however, as you know, are generally guidelines for courts to use in sentencing. I don't think that's true, Your Honor. There certainly are guidelines that go beyond a statute, but there are many guidelines that explicitly enforce the exact provisions of a statute. I think Judge Van Turpen might have been hinting at this point, should we use the guidelines to inform us what the statute is? And the answer is yes, in a situation like this where, again, it's the only word in there, is there because of the statute. Is that a good policy? Well, it's not so much policy as what this court looks to to inform its decision as to the normal meaning of this word distribution. I also don't think it's accurate that guidelines are interpreted in a more loose fashion than statutes. There are decisions of this court applying strict construction to both. There are also opinions even applying liberal construction to statutes based on the evident purpose of the statute. There are some statutes that say that explicitly, that it should be construed liberally, but here we have a statute where Congress is clearly aiming to stamp out this illicit trade and thus it doesn't call for a really harsh definition of distribution apart from the normal definition of the term and divorced from the facts of this case in which there clearly is a distribution to this common group. How about the five-point enhancement? Well, can I just ask you one other thing first? You said the statement in Schaeffer that the Tenth Circuit was dicta. Do you agree with that? Well, yes, Tenth Circuit is dicta in that in the part it mentions that there was an actual distribution in that case, but the language is very strong and clear. They're not focused on whether somebody actually downloaded when they're discussing what distribution is about, and we fully embrace that view. Now, the five-point enhancement, how about that? The five-point enhancement, and I have to say, Your Honor, the one thing in common with this first issue that we've been discussing, both are on plain error review. So it's important with regard to distribution. The defense is asking this court to acquit him based on a legal argument that has never been adopted in a holding of any court and which is inconsistent with these many other decisions involving the guidelines. We don't think that's appropriate on plain error review. Certainly that's true with regard to the five-level enhancement as well. No objection in the district court. There actually is evidence in the record to support what the government has told the court here. Mr. Hussman was convicted of two counts involving indecent assault on two different girls at two different times at the Hershey School. What was the evidence of that? The evidence was we've provided certified convictions to the district court at sentencing. They were not attached to our sentencing memo. They were the certified convictions that were presented in court. We'll provide them to this court if asked, but the burden is on the defense here. Please provide them. We will. The burden is on the defense to show plain error, to show that there was a plain error that affected his substantial rights and there was a miscarriage of justice. There wasn't. Mr. Hussman abused two different girls at this school who were in his charge. That was the pattern. In fact, with those certified convictions, it's very likely that the district court got it exactly right without even thinking about the child pornography possession conviction. It wasn't argued, and it was supported by the record, and therefore he certainly can't meet his burden of plain error. Are you relying on application note one and the definition of distribution in there? Is that what we're talking about? Yes, that's the guideline definition, and the interesting thing is that includes the statement. The distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing. Well, I think if we followed that section, then we would affirm in the case. But what is the standard of review here? There was like an argument about that, whether it's plain error or what are we reviewing here for, sufficiency of evidence or what? The standard of review we believe is plain error, that if there had been an objection, we think it would present a legal question subject to plenary review. But if in fact we thought the defendant was convicted of something that wasn't a crime, can we let him be criminally put in custody in prison for something that we think isn't a crime? Do you think that? No, Your Honor, of course not. But we have to look at the different steps, if I may continue, of the plain error test. There are four prongs, as Your Honor well knows. Certainly if he was convicted of something that's not a crime, he easily meets the third and fourth prongs of affecting his substantial rights. But he can't get past the second prong of showing that this error is plain. So Your Honors have to decide that this... But if we decide what the statute means, I mean, plain sometimes is like a question of discretion or things, but if the statute doesn't include it, then once we decide what the statute says, then it is plain. I don't believe that suggestion with respect is faithful to how plain has been interpreted by the Supreme Court and by this Court. This Court has said that even if an argument is plausible and may well be accepted, it has to be plain under current law. And when we look at the landscape, to use the term that Judge Fuentes used, it's not at all plain right now. In fact, the law would suggest the opposite conclusion. I don't want to stand here, Your Honor. But if we didn't agree with that, you're saying we can let him serve time for something that isn't a crime because he didn't raise it until appeal. Well, but what we also have to see is that in terms of the plain error test, and Mr. Fuentes himself said it in his argument, he's guilty of all sorts of other things under the same statute based on his own admissions on appeal. And so, no, we don't see it as that fundamental misjudgment. But let me be very clear, Your Honor. I am not standing here telling you that he should be in prison for 20 years because he didn't make an argument. That's not what we're saying. The primary argument that I'm making to Your Honor is he distributed this child pornography to this peer-to-peer file sharing site when he moved it into the folder that he and others had agreed would be for their sharing purposes of this type of material. Okay, Mr. Souser, thank you very much. Mr. Forenz? Yeah, just two brief rebuttals. First of all, the hypothetical that my adversary would like to present itself presents other issues. For example, if you put something, say, on this shared computer in this hypothetical house that he's talking about, but the computer itself crashes the next day before anybody has a chance to walk in and access it, has he distributed it? It seems to me he's attempted to do so. He's put it out there, but no distribution took place because the other housemate never got to the computer before it crashed. So if we start going into too many hypotheticals, it raises all sorts of impossibility issues and different things that... It's really impossibility as a matter of fact, though, not as a matter of a rule of law. Yeah, exactly. It creates a lot of it. But is it even impossibility? He seems to be saying that the act of moving from his computer into this shared... that's where the distribution happens. Now, why isn't that so? Well, because nobody... other people didn't necessarily find it, go to it, get it. He's not talking about distribution to third parties. He's talking about moving it from one file to another. That's what he says is the distribution. Why can't that be? Because distribution of anything else, cocaine, drugs or anything else, involves me giving it to you. But that's almost always a sale. If I hand it... You don't engage in the cocaine business and give it away. I could hand it to you as a present, as a birthday present. Yes, you could. But in the real world, that isn't what we deal with in this court. Usually we deal with a sale. There's usually somebody else involved. Right. But it's theoretically possible. If we're going to construct hypotheticals, we have to play them out to their logical conclusion. The second thing is, real briefly, the reason why we're here is this man got 20 years. And that's... I mean, all these nice legal arguments are all very nice. I maintain that this is not so egregious that an above guidelines sentence for this sort of activity is per se unreasonable because, yes, he was on probation when he did it and everything like that, but it was a second offense. Supposing you were correct on the distribution point that you're arguing, what would that difference be in the sentence? What would the difference be in the sentence if you were correct? He still has the mandatory minimum of 15. But at least in theory, some of the images, the 67 images, would go down. There would be some various... And he would go down in terms of the guidelines. But he would still be at the 15 years. So the question is, would still be, once the day is done, did the judge properly enhance the sentence based upon these other factors? These legal niceties we've engaged with are wonderful hypotheticals. They're a great legal argument. I've really enjoyed researching them. But basically what it comes down to is once you've resolved them all, even if you resolve them all my way, he's still at 15 years. Why did he get 20? Not good enough. If we agreed with you on your principal point, which is the construction of the statute, couldn't we at that point say, look, there are issues now about the sentencing. We're vacating the sentence and re-sentencing. And then you can raise it with the district court. Should we really go into those things? Obviously, I'm not going to tell you how to do your job, except that whatever you want to do to get my client... Everybody else does. Pardon me? Everybody else does. Whatever you can do to get my client off of that 20 years, I leave it to your reasonable hands. It's appreciated. Mr. Forens, thank you very much. Gentlemen, thank you very much. Very good arguments. We'll take the case under advisement.